**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| DEBRA KAYE MUSGROVE, ET. AL., | : | |
| Plaintiffs, | : | |
| vs. | : | 1:05-CV-27 (WLS) |
| PERDUE TRANSPORTATION, INC., ET. AL., | : | |
| Defendants. | : | |

## ORDER

Before the Court are numerous motions filed by the parties. Plaintiff has filed a motion to strike Defendant's offer of Judgment made pursuant to O.C.G.A. § 9-11-68. (Doc. No. 40). Defendants have filed a motion for partial summary judgment (Doc. No. 44), a motion requesting an *in camera* inspection and a supplemental filing (Doc. Nos. 61, 67), Defendant Perdue has also filed a motion to compel certain discovery (Doc. No 63); and lastly, Defendants have filed a motion for hearing on the motion for partial summary judgment. The resolution of the motion for partial summary judgment will be dealt with in a separate order. For the following reasons, Plaintiff's motion to strike (Doc. No. 40) is **DENIED without prejudice;** Defendant's motion for *in camera* inspection and the supplemental filing (Doc. Nos. 61, 73) are **GRANTED consistent with the order herein;** Defendant Perdue's motion to compel (Doc. No. 60) is **DENIED;** and Defendants' request for a hearing (Doc. No. 63) is **DENIED.**

Upon a review of the parties' pleadings as they relate to the motion to strike, the Court ordered the parties to brief the Court on the issue of whether O.C.G.A. § 9-11-68 is substantive law or procedural law and whether, in fact, the code section is even applicable in a diversity case. (Doc. No. 76). A review of the parties' briefs on the issue reveals that the determination of whether the statute is procedural or substantive is a matter of first impression. While there are other cases interpreting similar laws from other states, at this

point no federal court has made a determination concerning the effect and applicability of O.C.G.A. § 9-11-68 in a federal diversity case. Further, if this Court determines that the law is substantive, Plaintiffs argue that the law is unconstitutional. Given the importance of such a determination, the Court believes that the question should only be resolved upon a fully developed record. Therefore, until the record is more developed by the trial of the case, the Court will not address for now such an important issue. Accordingly, Plaintiff's motion to strike[1] (Doc. No. 40) is **DENIED without prejudice.**

Defendants have filed a motion for *in camera* inspection of a report written by one of Defendants' counsel, and a related supplemental document. (Doc. Nos. 61, 73). A review of that document by the Court reveals that it does contain privileged material. For the most part, the parties do not disagree with that assessment. The real disagreement concerns the extent to which the document is privileged. As such the Court will issue along with this order a redacted document for distribution to the parties. Accordingly, Defendants' motion for an *in camera* inspection and the supplemental filing (Doc. Nos. 61, 73) is **GRANTED.**

In addition, Defendant Perdue has filed a motion to compel certain information related to a general conversation Plaintiff's counsel had with a tractor trailer mechanic or sales representative. (Doc. No. 63). Without going into the merits of said request by Defendant, it is clear that said motion was not filed in compliance with the Court's 20/20/20 rule governing motions to compel. Defendant has made no showing as to why Perdue should be excused from the constraints of the rule. Accordingly, Defendant Perdue's motion to compel (Doc. No. 63) is **DENIED.**

Lastly, Defendants have moved for a hearing on Defendant's motion for partial summary judgment. (Doc. No. 63) As the Court has decided the motion on the briefs and will issue a separate order, there is no need for a hearing. Therefore, Defendants' motion for

---

[1]. The Court reminds the parties that a motion to strike is not the appropriate vehicle to bring such a matter before the Court. Federal Rule of Civil Procedure 12(f) is the rule governing motions to strike. This Court, and others, have ruled that motions to strike should only be directed to certain pleadings such as "complaints, answers and replies to counterclaims." McNair v. Monsanto Co., 279 F.Supp.2d 1290 (M.D. Ga. 2003).

a hearing on their motion for summary (Doc. No. 63) is **DENIED.**

    **SO ORDERED**, this   23rd   day of March, 2007.

                                                    /s/W. Louis Sands  
                                                 **W. LOUIS SANDS, JUDGE**  
                                                 **UNITED STATES DISTRICT COURT**