**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

DEBRA KAYE MUSGROVE, ET. AL.,     :
                                         :
       Plaintiffs,                :
                                         :
vs.                                      :       1:05-CV-27 (WLS)
                                       :
PERDUE TRANSPORTATION, INC.,     :
ET. AL.,                               :
                                       :
       Defendants.             :
_____

## ORDER

Presently pending before the Court is Defendants' motion for partial summary judgment on Plaintiff's claim for punitive damages. (Doc. No. 44). For the following reasons, Defendants' motion for partial summary judgment (Doc. 44) is **GRANTED.**

## BACKGROUND

The essential facts of this case are not in dispute. On the evening of December 26, 2002, Coy Tyrone Musgrove was involved in a three-car accident at an intersection in Early County, Georgia. After the accident, police and other emergency personnel responded to the accicdent scene. Although vehicles were parked along both sides of the road, traffic was permitted to travel through both eastbound lanes as the accident was being investigated.

During the investigation, Musgrove discovered that he needed to show one of the investigating officers documents related to Musgrove's insurance policy. Either on his own or at the behest of one of the officers, Musgrove decided to return to his vehicle which was parked in the median. As he began to cross the road, he was struck by the 1999 Freightliner tractor-trailer driven by Defendant Williams and owned by Defendant Perdue Transportation Incorporated. Musgove died as a result of his injuries.

The disputed facts concern Defendant Williams' conduct immediately before and as his truck struck Musgrove. Both parties agree that Williams was not cited for breaking any

laws as a result of his conduct.  Plaintiff, however, maintains that Williams was driving too fast for conditions and not paying attention.  Defendants dispute these assertions by Plaintiff.

Plaintiff filed suit to recover, among other things, for the wrongful death of Musgrove.  In addition, Plaintiff seeks an award of punitive damages.  Defendants seek summary judgment on the issue of punitive damages.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The Court is required to "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor."  Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quotations and citations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  The substantive law governing the case determines which facts are material, and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  For issues on which the non-movant bears the burden of proof at trial, the moving party "simply may show—that is, point out to the district court—that there is an absence of evidence to support the non-moving party's case.  Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that  the non-moving party will be unable to prove its case."  Fitzpatrick, 2 F.3d at 1116 (quotations and citations omitted).

If the moving party fails to overcome this initial burden, the Court must deny the

motion for summary judgment without considering any evidence, if any, presented by the non-moving party. <u>Fitzpatrick</u>, 2 F.3d at 1116. If, on the other hand, the moving party overcomes this initial burden, then the non-moving party must show the existence of a genuine issue of material fact that remains to be resolved at trial. <u>Id.</u> Moreover, the adverse party may not respond to the motion for summary judgment by summarily denying the allegations set forth by the moving party. Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."
Fed. R. Civ. P. 56(e).

## <u>ANALYSIS</u>

Defendant has moved for summary judgment on Plaintiff's claim for punitive damages. Defendant argues that at worst the facts could support a finding of negligence, but not a finding of such disregard for the consequences to support a finding of punitive damages.

As noted previously, the major disputed facts concern Williams actions immediately before and as his vehicle struck Musgrove. Plaintiff does not maintain that Williams has a history of being an unsafe driver or that Williams was engaged in any criminal activity at the time. Plaintiff does maintain that Williams was driving too fast for conditions and failed to maintain a proper look-out. Williams was not cited for any of these alleged offenses by the investigating officers.

Punitive damages may be awarded in tort actions where the Plaintiff proves "by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). In Georgia, it is well settled that "negligence, even gross negligence, is inadequate to support a punitive damage award." <u>Colonial Pipeline Co. v. Brown</u>, 258 Ga. 115 (1988).

3

Even if Plaintiff is correct and Williams was driving too fast for conditions and failed to keep a proper lookout in violation of state law, these laws are mere rules of the road. Violations of the rules of the road are insufficient to support an award of punitive damages. As the Geogia Court of Appeals has stated, "In automobile collision cases decided under O.C.G.A. § 51-12-5.1, punitive damages are not recoverable where the driver at fault simply violated a rule of the road." Carter v. Spells, 229 Ga. App. 441, 442 (1997). "On the other hand, punitive damages are recoverable under the statute where the collision resulted from a pattern or policy of dangerous driving." Spells, 229 Ga. App. at 442.

Accepting Plaintiff's version of the facts as true, Defendant Williams failed to follow the rules of the road. Plaintiff, however, has made no showing that Williams engaged in a "pattern or policy of dangerous driving." Without more, there is insufficient evidence to submit the question to a jury. The Court finds that there is insufficient evidence to support a claim for punitive damages. Accordingly, Defendants' motion for partial summary judgment (Doc. No. 44) is **GRANTED.**

**SO ORDERED**, this __23rd__ day of March, 2007.


　　　　___/s/W. Louis Sands_____
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**